UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED

2014 OCT 10 P 12: 26

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Diane FITZGERALD, <br> 4310 Forest Hill Drive <br> Fairfax, VA 22030 <br><br> Plaintiff, <br><br> v. <br><br> Spring Hills Senior Communities <br> 515 Plainfield Ave. Suite 200 <br> Edison, New Jersey 08817 <br><br> Defendant. | Case No. 1:14CV1338-GBL-JFA <br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Diane Fitzgerald, by and through the undersigned counsel, hereby files suit against Defendant Spring Hills Senior Communities for violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), the Virginia Human Rights Act ("VHRA"), VA Stat. Sec. 2.2-3900 *et seq.*, the Americans with Disabilities Act, as Amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), and Virginia Payment of Wage Law, Code of Virginia, § 2.1-714 *et seq.*

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331 because this is an action arising under the laws of the United States, specifically the ADEA, 29 U.S.C. § 621 *et seq.* and the ADA, 42 U.S.C. § 12101 *et seq.*

1

2. This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S. Code § 1367.

3. Venue is proper in this judicial district because the Defendant Spring Hills Communities ("Spring Hills") has a place of business in this district and the acts and events complained of occurred in the County of Fairfax, Virginia.

4. Plaintiff has exhausted and satisfied all pertinent administrative and statutory prerequisites necessary for the institution of this action. The U.S. Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue on July 17, 2014. This Complaint and Demand for Jury Trial is timely filed.

## PARTIES

5. Plaintiff was employed by Defendant in Fairfax County, Virginia from June 2011 to September 2013.

6. Defendant Spring Hills is a domestic corporation incorporated in the State of New Jersey, but offers services in the State of Virginia at 3709 Shannons Green Way, Alexandria, VA 22309.

7. Defendant Spring Hills offers assisted living communities to senior citizens in the Alexandria and Mount Vernon areas of Virginia.

8. As part of its assisted living services, Spring Hills provides health care services, meal services, activities, and accommodations.

9. In addition, Spring Hills offers home care and memory care for senior citizens.

10. Upon information and belief, Defendant Spring Hills has 200 – 500 employees.

11. Defendant Spring Hills is an employer as defined by the ADEA, ADA, VHRA, and Virginia Wage Payment Law.

12. Plaintiff is a "person" and "employee" as defined by the ADEA, ADA, VHRA, and Virginia Wage Payment Law.

## FACTS GIVING RISE TO RELIEF

13. Ms. Fitzgerald was employed by Spring Hills on June 22, 2011 as Community Relations Counselor ("CRC") in the Marketing Department at Spring Hills Mt. Vernon in Alexandria, VA.

14. During her application process, Ms. Fitzgerald was asked whether she could perform the essential duties of the job, with or without accommodations.

15. The CRC position entails sales and marketing of Defendant's services. Specifically, responsibilities include sale of services to prospective residents, maintaining rapport with residents, and resident retention.

16. The achievement of these responsibilities is measured by resident "move-ins" and revenues.

17. Spring Hills provides commission based compensation for move-in's achieved during a given month.

18. Ms. Fitzgerald was sixty-six years of age with several years of experience in sales and marketing.

19. Ms. Fitzgerald was a consistent top sales achiever and was performing her job satisfactorily or better.

20. Ms. Fitzgerald maintained good relationships with residents and formed rapport with prospective residents or their families.

21. In or about September 2012, Ms. Fitzgerald reported to the Manager, Billy Green, that she was being harassed by a younger co-worker, Anna Sewell, as a result of Plaintiff's age.

Upon information and belief, Ms. Sewell was between twenty-five and thirty years old at the time of the harassment.

22. Ms. Fitzgerald also reported that during a department head meeting, tMs. Sewell told Ms. Fitzgerald "[she] need[ed] a boyfriend and get laid."

23. Defendant did nothing in response to Ms. Fitzgerald's complaint.

24. Instead, Defendant Spring Hills promoted Ms. Sewell as Business Office Manager/Human Resources.

25. In February 2013, Spring Hills began hiring new CRC Associates, whose ages continually became younger and younger.

26. Between February and March 2013, Ms. Fitzgerald earned commission for a move-in amounting to $400.00, but Spring Hills refused to pay her.

27. Upon information and belief, in March 2013, Spring Hills hired its youngest CRC associate who was in her twenties.

28. Upon information and belief, young CRC associates had less experience than Ms. Fitzgerald, but were compensated at a higher rate.

29. Once Spring Hills hired the younger associates and Ms. Fitzgerald had trained them, Spring Hills began its campaign to oust Ms. Fitzgerald.

30. In or about March 2013, Spring Hills placed Ms. Fitzgerald on a thirty-day performance plan ("March 2013 Action Plan").

31. Under the "thirty-day action plan," among other things, Spring Hills assigned Ms. Fitzgerald specific monthly "move-in" goals while the younger associates were assigned no such goals.

32. Spring Hills often failed to credit Ms. Fitzgerald for sales which she made while training or assisting the young associates. Instead, the younger associates were credited for the sales.

33. Despite Ms. Fitzgerald's achievement of her move-in goals, Spring Hills refused to credit or recognize her efforts and failed to pay her the compensation due.

34. Spring Hills did nothing to review, evaluate, or assess Ms. Fitzgerald's performance under the March 2013 Action Plan.

35. Nevertheless, by mid August, Ms. Fitzgerald had achieved more "move-ins" and revenues than most or all of peers.

36. Still, on or about August 15, 2013, Spring Hills placed Ms. Fitzgerald on a second "Action Plan."

37. Ms. Fitzgerald was often ignored at meetings, her comments were dismissed and she was generally disrespected.

38. On or about August 16, 2013, based on her physician's recommendation, Ms. Fitzgerald requested a short leave as a result of work related stress.

39. Thereafter, on August 19, 2013, Defendant categorized Ms. Fitzgerald has having "a serious health condition" and requested that she take leave under the Family and Medical Leave Act ("FMLA").

40. On August 24, 2014, Spring Hills denied Ms. Fitzgerald remote access to her worksite.

41. On August 30, 2013, Ms. Fitzgerald returned to work but she was informed she could not return without FMLA forms and without knowing her medical restrictions.

42. On September 11, 2013, Spring Hills extended her August 2013 Action Plan to September 25, 2013.

43. Shortly thereafter, prior to the expiration of August 2013 Action Plan, on September 23, 2013, Ms. Fitzgerald was terminated.

44. Defendant maintains that Ms. Fitzgerald was terminated because she did not meet her goals under the Action Plan.

45. To date, Spring Hills refused to pay Ms. Fitzgerald her wages due from the March 2013 commissions.

## CAUSES OF ACTION

## COUNT I: DISCRIMINATION IN VIOLATION OF THE ADEA

46. Ms. Fitzgerald incorporates the allegations paragraphs 1-45 as if fully set forth herein.

47. Ms. Fitzgerald was sixty-six years of age during the relevant time frame and thus a member of the class protected by the ADEA.

48. Spring Hills treated Ms. Fitzgerald differently because of her age.

49. Spring Hills terminated Ms. Fitzgerald because of her age.

50. The actions of Defendant Spring Hills as set forth herein constitute age discrimination in violation of the ADEA because Plaintiff suffered adverse actions when she was placed on Action Plans, refused wages earned, compensated less than younger counter parts, and terminated as a result of her age.

51. As a direct and proximate cause of the intentional age discrimination of Ms. Fitzgerald, she has suffered and continues to suffer due to the lack of back pay, front pay, and other benefits.

52. Defendant's conduct constitutes intentional and willful violations of the rights of Ms. Fitzgerald as to warrant liquidated damages, including double recovery for back pay and benefits.

## COUNT II: RETALIATION IN VIOLATION OF THE ADEA

53. Ms. Fitzgerald incorporates the allegations paragraphs 1-45 as if fully set forth herein.

54. In September 2012, Ms. Fitzgerald engaged in a protected activity and complained of harassment due to her age.

55. Within six months of her complaint, Defendant began hiring younger associates, refused to pay her earned wages, and placed Ms. Fitzgerald on an "Action Plan," which was ultimately used as the reason for her termination.

56. The actions of Defendant Spring Hills as set forth herein constitute retaliation in violation of the ADEA.

57. As a direct and proximate cause of the intentional retaliation against Ms. Fitzgerald, she has suffered and continues to suffer due to the lack of back pay, front pay, and other benefits.

58. Defendant's conduct constitutes intentional and willful violations of the rights of Ms. Fitzgerald as to warrant liquidated damages, including double recovery for back pay and benefits.

## COUNT III: DISCRIMINATION IN VIOLATION OF THE VHRA

59. Ms. Fitzgerald incorporates the allegations paragraphs 1-45 as if fully set forth herein.

60. Ms. Fitzgerald was sixty-six years of age during the relevant time frame and thus a member of the class protected by the VHRA.

61. Spring Hills treated Ms. Fitzgerald differently because of her age by refusing to pay earned wages, refusing to pay comparable pay as her younger counterparts, placing her on Action Plans, and terminating her.

62. The actions of Defendant Spring Hills as set forth herein constitute age discrimination in violation of the VHRA.

63. As a direct and proximate cause of the intentional age discrimination of Ms. Fitzgerald, she has suffered and continues to suffer from lost wages, benefits, career advancement opportunities and emotional distress.

## COUNT IV: DISCRIMINATION IN VIOLATION OF THE ADA

64. Ms. Fitzgerald incorporates the allegations paragraphs 1-45 as if fully set forth herein.

65. In August 2013, Defendant regarded Plaintiff as having a disability when it believed she had a "serious health condition" and required her to seek FMLA leave.

66. Defendant regarded Plaintiff as having a disability when it requested that Plaintiff provide her "restrictions" before returning to work.

67. A month later, having regarded Plaintiff as a disabled employee, Defendant terminated Ms. Fitzgerald.

68. The actions of Defendant Spring Hills as set forth herein constitute discrimination in violation of the Americans with Disabilities Act, as Amended.

69. Defendant's conduct constitutes intentional, willful, malicious, and flagrant violations of the rights of Ms. Fitzgerald as to warrant punitive or exemplary damages.

70. As a direct and proximate cause of the discrimination against Ms. Fitzgerald, she has suffered and continues to suffer from lost wages, benefits, career advancement opportunities, humiliation, indignity, and extreme emotional distress.

## COUNT V: VIOLATION OF THE VIRGINIA WAGE PAYMENT LAW

71. Ms. Fitzgerald incorporates the allegations paragraphs 1-45 as if fully set forth herein.

72. Ms. Fitzgerald was employed by Defendant Spring Hills and in March 2013, Spring Hills refused to pay Ms. Fitzgerald commission due to her.

73. The actions of Defendant Spring Hills as set forth herein constitute violation of the Virginia Wage Payment Law because it failed to pay Plaintiff wages earned.

74. As a direct and proximate cause of such violation, Ms. Fitzgerald has suffered and continues to suffer from lost wages.

**WHEREFORE**, Plaintiff Diane Fitzgerald respectfully requests the following:

1. An order finding and declaring that Defendant intentionally discriminated against Plaintiff based on her age and perceived disability.

2. An order finding and declaring that Defendant intentionally retaliated against Plaintiff.

3. An order finding and declaring that Defendant failed to pay Ms. Fitzgerald due commissions and thereby violating the Virginia Wage Payment Law.

4. All back and front wages and benefits that Plaintiff Fitzgerald would have received but for the discrimination, retaliation, including pre-judgment interest;

5. All wages due to Ms. Fitzgerald, plus statutory prejudgment interest;

6. Compensatory and general damages, including emotional distress, according to proof;

7. Reasonable attorney's fees and costs of this action; and

8. Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Diane Fitzgerald demands trial by jury as to all issues so triable.

Dated: October 10, 2014             Respectfully submitted,

/s/ Hnin N. Khaing
Hnin N. Khaing, Esquire*
*Pro Hac Admission Pending*
LAW OFFICE OF HNIN N. KHAING PLLC
1420 N Street NW
Suite 102
Washington, DC 20005
(202) 232-4079 (t)
(888) 299-8053 (f)
hkhaing@legaloptionstoday.com

/s/ Joseph Creed Kelly
Joseph Creed Kelly, Esquire
VSB #: 73618
JCK Legal PLLC
1307 Linden Ct NE
Washington, DC 20002
(202) 540-9021 (t/f)
jck@jcklegal.com

*Counsel for Plaintiff*